# United States District Court
### for the
### Western District of New York

FILED
OCT 19 2012
MICHAEL J. ROEMER, CLERK
WESTERN DISTRICT OF NY

| | |
|---|---|
| United States of America ) | |
| ) | |
| v. ) | Case No. 12-MJ- 4111 |
| ) | |
| ROBERT L. SWINTON, JR. and DAVID D. JONES ) | |
| ) | |
| _____ ) | |
| *Defendant* ) | |

## CRIMINAL COMPLAINT

I, __EDMOND D. BERNABEI__, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of _October 16, 2012_ in the county of __Monroe__ in the Western District of New York, the defendants **ROBERT L SWINTON, JR. and DAVID D. JONES** did knowingly and willfully possess with intent to distribute a controlled substance in violation of Title 21, United States Code, Section 841; did knowing and willfully possess a firearm in violation of Title 18, United States Code, Section 922(g)(1); and did knowingly and willfully possess a firearm in furtherance of a drug trafficking crime in violation of Title 18, United States Code, Section 924-c.

**SEE ATTACHED AFFIDAVIT OF DEPUTIZED SPECIAL AGENT EDMOND D. BERNABEI**

This criminal complaint is based on these facts:

X   Continued on the attached sheet.

_____
*Complainant's signature*

DEPUTIZED S/A EDMOND D. BERNABEI, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __October 19, 2012__

_____
*Judge's signature*

City and State: __ROCHESTER, NEW YORK__

HON. MARIAN W. PAYSON, U.S.M.J.
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v -

ROBERT L. SWINTON JR. AND
DAVID D. JONES,

                    Defendant

12-MJ-4111

---

State of New York)
County of Monroe)    ss
City of Rochester)

       EDMOND D. BERNABEI., being duly sworn, deposes and says:

1.   I am a Police Investigator with the Rochester Police Department in Rochester, New York (hereinafter RPD), and am assigned to the Special Investigations Unit. Your affiant has been employed as a Police Officer for more than twenty three (23) years. Additionally, your affiant is a Deputized Special Agent (SA) with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) assigned to the New York Field Division, Rochester Field Office.

1

2. Your affiant has been involved in well over five hundred (500) firearms and narcotics trafficking investigations and has participated in well over four hundred (400) federal and state search warrants involving firearms and narcotics. In the course of my duties as an officer, I have also been the case agent in three (3) state and one (1) federal narcotics wiretaps while assisting in numerous other wiretaps. I have participated in over 400 search warrants where narcotics were seized, including cocaine, cocaine base, and marijuana. As such, I have become familiar with the appearance of all types of packaging used in street level sales of narcotics.

3. This affidavit is submitted in support of a criminal complaint charging Robert L. SWINTON JR., and David D. JONES with violations of Title 21, United States Code, Sections 841(a)(1) (possession with intent to distribute a controlled substance), and Title 18, United States Code, Sections 922 (g)(1) (possession of a firearm by a convicted felon), and 924(c)(1) (possession of a firearm in furtherance of a drug trafficking crime).

4. As more fully described below, the facts in this affidavit are based on a combination of my personal participation in this investigation, review of police

reports filed in connection with this investigation, and conversations with other law enforcement officers involved in this investigation. Since this affidavit is being submitted for a limited purpose, I have not included each and every fact that I know concerning this investigation. Rather, I have set forth only those facts that relate to the issue of whether probable cause exists to believe that SWINTON JR and JONES committed the above-mentioned offenses.

### SWINTON'S FELONY WEAPONS AND NARCOTICS CONVICTIONS

5.  In connection with this investigation, your affiant has reviewed a computerized criminal history and a certificate of conviction for SWINTON JR which reflect the following felony convictions:

- On November 3, 1994, SWINTON JR was convicted in the 10th Circuit Court in Bartow, Florida of Robbery in the First Degree, a Felony. He was sentenced to serve 153 days of imprisonment and an unspecified term of probation supervision.

- On January 20, 1999, SWINTON JR was convicted in Monroe County Court in Rochester, New York of Attempted Criminal Sale of a Controlled Substance in the Third Degree, a class C Felony. He was sentenced to serve 42 months to 7 years imprisonment.

## JONES' FELONY WEAPONS CONVICTION

6. In connection with this investigation, your affiant has reviewed a computerized criminal history and a certificate of conviction for JONES which reflects the following felony conviction:

- On June 8, 2007, JONES was convicted in Monroe County Court in Rochester, New York of Attempted Criminal Possession of a Weapon in the Second Degree, a Class D Felony. He was sentenced to serve two (2) years of imprisonment and post release supervision of two (2) years.

## CONFIDENTIAL SOURCE

7. Your affiant received information from a confidential source (CS) about the drug activities of SWINTON, JR and his associates. CS has provided reliable information that has been independently corroborated through investigation and other reliable confidential sources. CS knows, based upon personal observation, that SWINTON, JR and others, including an individual CS knows as "David," sell marijuana and cocaine from the residence at 562 Maple Street. In the past three months, CS has observed drugs and firearms in that location.

## SEARCH OF 562 MAPLE STREET, DOWNSTAIRS APARTMENT

8. On October 16, 2012, at approximately 9:25 am, members

4

of the RPD and ATF executed a state court authorized search warrant for narcotics and drug proceeds at the residence of Robert L, SWINTON JR located at 562 Maple Street, downstairs apartment, in the City of Rochester. The search warrant was issued by Monroe County Court Judge John DeMarco. Upon entry into the home, Investigators and agents encountered JONES in the hallway of the apartment and observed him dart into the living room area. Upon entry into the living room, JONES was taken into custody while lying on the north end of the couch. Danielle Bowen was taken into custody lying on the south end of the couch in the living room. Agents and Investigators located SWINTON JR in the southeast bedroom of the residence. Investigators and agents searched JONES and located approximately $256 in US currency on his person.

9. The residence was searched and the following items were seized:

> a. On top of the bed in the southeast bedroom, investigators and agents recovered a Sturm and Ruger model Mini 14 .223 caliber rifle bearing serial number 183-38707. The rifle was loaded with thirty (30) rounds of .223 caliber of ammunition;

5

b. Also located on the same bed under a pillow in the southeast bedroom, investigators and agents recovered a Taurus .357 caliber revolver bearing serial number 5194518. The revolver was loaded with six (6) rounds of Winchester .357 caliber ammunition. A review of the National Crime Information Center revealed the Taurus .357 revolver had been reported stolen August 10, 2010;

c. In the same southeast bedroom, investigators and agents also located in excess of 50 new, unused clear plastic ziplock baggies in a dresser drawer along with a razor on a plate; an identification card and prescription pill bottle bearing SWINTON JR's name was located in a different drawer of the same dresser;

d. In the living room, investigators and agents recovered a knotted clear plastic sandwich bag containing ten (10) clear plastic ziplock baggies each containing powder cocaine and four (4) smaller clear ziplock baggies each containing cocaine base in the north end of the couch

6

directly underneath the location where JONES was taken into custody. The approximate total weight of the recovered cocaine was 4.8 grams;

e. Inside of a kitchen cabinet located above the garbage can, investigators recovered two digital scales, in excess of 100 new, unused clear plastic ziplock baggies, a strainer, a razor, and a dinner plate, all containing a white residue consistent in appearance to powder cocaine;

f. One vacuum sealed bag consistent with packaging used for cocaine was located in the garbage can directly below the kitchen cabinet;

g. In the kitchen sink, officers located two Pyrex glass beakers each of which had white residue on them consistent in appearance to powder cocaine.

10. Your affiant performed a field test on a sample of the suspected the cocaine seized, as well as the white residue found in the beakers in the sink. Each tested positive for the presence of cocaine. Based upon my training and experience, the amount and packaging of the cocaine seized is more consistent with distribution than personal use.

11.     SWINTON JR, JONES and Bowen were transported to the RPD Public Safety Building and placed in separate interview rooms.  RPD Investigator Myron Moses separately advised SWINTON JR, JONES and Bowen of their Miranda warnings and all three each voluntarily waived those rights and agreed to speak with law enforcement officers.  During the subsequent interviews, SWINTON JR and JONES denied any knowledge of the firearms and cocaine located inside the apartment.  BOWEN stated that on the days prior to the search warrant she observed SWINTON and JONES selling cocaine from 562 Maple Street and also observed SWINTON and JONES possess the two firearms that were located inside 562 Maple Street.  BOWEN also stated that SWINTON and JONES had the firearms inside the location for protection.

## INTERSTATE NEXUS OF FIREARM AND AMMUNITION

12.     In connection with this investigation, ATF Special Agent Ryan Szwejbka, an expert who has testified in federal court regarding the origin of manufacture for firearms and ammunition, was provided a description of the seized firearm.  Based on that description, he determined that the

8

firearm and ammunition were not manufactured in the State of New York.  Therefore, they affected interstate commerce.

13.   Based upon my training and experience and the recovery of the firearms in close proximity to the cocaine and paraphernalia, as well as the statements of Bowen, I believe that the firearms were possessed to protect SWINTON JR, and JONES, the drugs and/or any drug proceeds inside the residence.

## CONCLUSION

14. Based on the above information, your affiant submits that probable cause exists to believe that SWINTON JR and JONES committed violations of Title 21, United States Code, Sections 841(a)(1) (possession with intent to distribute a controlled substance), and Title 18, United States Code, Sections 922 (g)(1) (possession of a firearm by a convicted felon), and 924(c)(1) (possession of a firearm in furtherance of a drug trafficking crime).

_____
INV.   EDMOND D. BERNABEI
Deputized Special Agent
Bureau of Alcohol Tobacco
Firearms and Explosives

Subscribed and sworn to before me
this __19__ day of October 2012.

_____
HON. MARIAN W. PAYSON
United States Magistrate Judge